# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:                                                      CASE NO. 3:10-bk-06410

**STONE*WALL FARM STALLIONS**                CHAPTER 11
**XI, LLC,**

        **Debtor.**
_____/

## MOTION FOR AN ORDER AUTHORIZING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

      **STONE*WALL FARM STALLIONS XI, LLC,** ("Stonewall XI" or the "Debtor") hereby requests that the Court enter an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the joint administration of the Debtor's chapter 11 case with the chapter 11 cases filed by NeverTell Farm Kentucky V, LLC ("NeverTell") and Stone*Wall Farm Stallions IV, LLC ("Stonewall IV"). In support of this Motion, the Debtor respectfully states as follows:

### BACKGROUND

      1.    On July 24, 2010 and July 25, 2010, respectively, (the "Petition Dates"), Stonewall XI and its affiliated entities, Stonewall IV and NeverTell (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

      2.    The Debtors continue in possession of their respective properties and operate and manage their businesses, as debtors-in-possession, pursuant to Bankruptcy Code sections 1107 and 1108.

9546 v3

3. The bankruptcy case of Stonewall XI is currently pending before this Court under bankruptcy case number 3:10-bk-06410. The bankruptcy case of Stonewall IV is currently pending before this Court under bankruptcy case number 3:10-bk-06411. The bankruptcy case of NeverTell is currently pending before this Court under bankruptcy case number 3:10-bk-06418.

4. The Debtors are in the business of breeding champion thoroughbred race horses.

5. NeverTell owns 190 acres of real estate in the heart of blue grass country in Versailles, Kentucky (the "Kentucky Farm"), which for many years served as the focal point of the breeding operations for the Debtors and other related entities. The Kentucky Farm is surrounded by an historic brick wall built during the Civil War, is decorated with beautiful fountains and landscaping, and contains all of the necessaries for breeding, caring for, and raising champion thoroughbreds. The Kentucky Farm contains numerous horse barns, a fully operational training barn, a training track, a top of the line breeding shed and a state of the art stallion complex.

6. Initially, various breeding operations took place on the Kentucky Farm; however, the decision was ultimately made by the Debtors and other affiliated entities to focus entirely on the stallion side of the breeding business. NeverTell leases portions of the Kentucky Farm to Stone*Wall Farm Stallions, LLC and to Stone*Wall Farm Kentucky, LLC.

7. The Kentucky Farm is adjacent to approximately 40 acres on which the residence sits (the "Residence"). The Residence is not owned by NeverTell. It is owned by Audrey Haisfield.

8. Stonewall XI's primary asset is a stallion named Da Stoops. Da Stoops initially resided on the Kentucky Farm. Da Stoops is a quality stallion with a solid pedigree; however, Stonewall XI was not satisfied with Da Stoops's last breeding season at the Kentucky Farm and in approximately October, 2009, in 2008. As a result, after the 2008 season, Stonewall XI decided to move Da Stoops to a farm owned and operated by an entity affiliated with the Debtors located in Ocala, Florida (the "Ocala Farm") in time for the 2010 breeding season. DaStoops's number of breedings increased significantly during the 2010 breeding season, and accordingly, his value increased as well.

9. Stonewall IV's primary asset is a stallion named Value Plus. Value Plus resided on the Kentucky Farm until approximately June 2010, at which time Stonewall IV decided to move Value Plus to the Ocala Farm. Value Plus had very successful breeding seasons; however, Value Plus's breedings dropped in the most recent breeding season. Based in part on the success of Da Stoops at the Ocala Farm, and in large part on Value Plus's pedigree and his past successes in breeding numerous successful thoroughbreds, Stonewall IV decided to relocate Value Plus to the Ocala Farm where Stonewall IV believes that Value Plus has the potential to become one of the top stallions in the State of Florida.

10. Overall Thoroughbreds, LLC ("Overall"), a related non-debtor entity, entered into a loan agreement and promissory note with Harleysville National Bank and Trust Company ("Harleysville") in the original principal amount of $17,000,000 (the "Note"). A portion of the funds borrowed from Harleysville were used to refinance the Kentucky Farm and a portion of the funds borrowed were used to purchase Value Plus and Da Stoops.

11. To partially secure repayment of the funds borrowed by Overall, NeverTell executed a Security Agreement dated June 23, 2006 (the "NeverTell Security Agreement") and a Guaranty (Suretyship) Agreement dated June 23, 2006 (the "NeverTell Guaranty") and it granted to Harleysville a Mortgage on the Kentucky Farm dated June 23, 2006 (as did Audrey Haisfield with regard to the adjacent 40 acres). In addition, Stonewall IV, executed a Security Agreement dated October 5, 2006 (the "Stonewall IV Security Agreement").

12. The loan from Harleysville was initially in the principal amount of $17,000,000.00 and was broken down into two tranches: (1) a Farm Financing Tranche, and (2) a Stallion Financing Tranche. The Farm Financing Tranche, in the amount of $10,460,000, was loaned for purposes of refinancing the debt on the Kentucky Farm (including the Residence owned by Audrey Haisfield). The Stallion Financing Tranche is in the amount of up to $6,540,000.00 of non-revolving advances for the purpose of acquiring one or more thoroughbred stallions. A portion of the Stallion Financing Tranche was used by the Debtors for the purchase of Value Plus and Da Stoops.

13. On or about November 12, 2009, Harleysville commenced litigation against Overall, Stonewall IV, NeverTell, and others. Harleysville's complaint contained counts for breach of contract against Overall relating to the Note, against NeverTell for breach of contract relating to the NeverTell Security Agreement and the NeverTell Guaranty it executed, and against Stonewall IV for breach of contract relating to the Stonewall IV Security Agreement. While the litigation was pending, Harleysville sold the Note and other loan documents to Cincinnati Capital Corp. ("CCC"), who, upon acquiring the Note and loan documents continued to pursue the litigation. A trial was scheduled for Monday, July 26, 2010. Prior to trial, on or about July 22, 2010, CCC advised the Debtors that it intended to bring a trailer to the Ocala Farm to obtain possession of Da Stoops, Value Plus, and other stallions located on the Ocala Farm on Saturday, July 24, 2010. Ultimately, the Debtors determined that the only feasible means to restructure debt was through Chapter 11.

14. CCC has asserted that it has a security interest in Da Stoops and Value Plus. CCC's claims are disputed, unliquidated and contingent.

**RELIEF REQUESTED**

15. Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."

16. The joint administration of these affiliated Debtors' chapter 11 cases will allow the Debtor to: (i) use a single docket and single caption for these cases; (ii) combine notices to the same creditors in these bankruptcy cases on the numerous

documents that will be filed and served in these cases; and (iii) joint administration will significantly reduce the costs to the estates by significantly reducing the volume of paper that would otherwise be filed and served in the cases. The Debtor requests joint administration as the Debtors in these cases have many of the same creditors.

17. The Debtor requests that all pleadings use the caption of the first filed case, and that the caption of the jointly administered cases appear as follows:

| | |
|---|---|
| **In re:** | **CASE NO. 3:10-bk-06410** |
| **STONE*WALL FARM STALLIONS** | **CHAPTER 11** |
| **XI, LLC, *et al*."** | **(Jointly Administered with** |
| | **Case No. 3:10-bk-06411 and** |
| **Debtors.** | **Case No. 3:10-bk-06418)** |
| _____/ | |

18. The Debtor is not seeking substantive consolidation of the bankruptcy estates and, therefore, the rights of parties-in-interest will not be prejudiced or otherwise affected.

19. Accordingly, the Debtor respectfully requests the entry of an order providing for the joint administration of the Debtors' chapter 11 cases.

**WHEREFORE**, the Debtor respectfully requests this Court enter an order granting joint administration of the three bankruptcy cases, directing that the caption "STONE*WALL FARM STALLIONS XI, LLC, *et al.*" be used as the caption for pleadings filed in the jointly administered bankruptcy cases in the form attached hereto as **Exhibit A** and granting such other and further relief as the Court may deem proper.

9546 v3

**DATED** this 31st day of July 2010.

        Respectfully Submitted,

        /s/ Eric S. Golden
        Eric S. Golden, Esq.
        Florida Bar No. 0146846
        Jacqueline E. Ferris, Esq.
        Florida Bar No. 713481
        **BURR & FORMAN, LLP**
        450 South Orange Avenue, Suite 200
        Orlando, Florida 32801
        Phone: (407) 244-0888
        Fax: (407) 244-0889
        E-mail: egolden@burr.com
        E-mail: jferris@burr.com

        **ATTORNEYS FOR DEBTOR**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | CASE NO. 3:10-bk-06410 |
| | CHAPTER 11 |
| **STONE*WALL FARM STALLIONS XI, LLC,** *et al.*" | |
| | (Jointly Administered with |
| | Case No. 3:10-bk-06411 and |
| Debtors. | Case No. 3:10-bk-06418) |
| _____/ | |

# EXHIBIT A