UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| STONE*WALL FARM STALLIONS XI, LLC, | Case No. 10-06410 |
| Debtor. | Judge Jerry A. Funk |

**MOTION TO TRANSFER VENUE**

Comes Stone Wall Acquisition, LLC, ultimate assignee of Harleysville National Bank ("SWA"), by and through counsel, pursuant to Section 1412 of Title 28 of the United States Code and Rule 1014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and respectfully moves this Court for an order transferring venue of the instant case pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") to the United States Bankruptcy Court for the Eastern District of Kentucky for the reasons stated herein. In support of this motion (the "Motion"), SWA respectfully represents as follows:

**BACKGROUND**

1. On October 6, 2008 (the "Petition Date"), Nevertell Farm Kentucky V, LLC ("Nevertell") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is an affiliate of 2 other entities (collectively, the "Debtors") who are also Debtors in the following Chapter 11 bankruptcy cases pending in this district:

   A. In re Stone*Wall Farm Stallions IV, LLC – Case No. 10-06411; and

   B. In re Stone*Wall Farm Stallions XI, LLC – Case No. 10-06410.

2. Furthermore, additional affiliates of the Debtors are also Debtors in separate Chapter 11 bankruptcy cases filed on July 20, 2010 which are pending in the United States Bankruptcy Court for the Eastern District of Kentucky:

    A. In re Stone*Wall Farm Stallions I, LLC – Case No. 10-52318;

    B. In re Stone*Wall Farm Stallions VII, LLC – Case No. 10-52319;

    C. In re Stone*Wall Farm Stallions Racing Division I, LLC – Case No. 10-52317;

    D. In re Malandrin, LLC – Case No. 10-52316; and

    E. In re Hotcopri, LLC – Case No. 10-52315.

3. Since the Petition Date, the Debtors have continued in possession of their property and have continued to operate and manage their businesses, as debtors in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. No request has been made for the appointment of a trustee or examiner and no Committee of Unsecured Creditors has been formed.

**THE HARLEYSVILLE NATIONAL BANK LOAN / ASSIGNMENT**

6. In or about June 2006 and pursuant to numerous loan documents among the parties, Harleysville National Bank and Trust Company ("HNB") loaned to Overall Thoroughbreds, LLC, a non-debtor affiliate of the Debtor, the principal sum of $17,000,000 (the "Loan").

7. In relevant part, the Loan is secured by the following:

    A. the Debtor and Audrey Haisfield and Richard Haisfield, husband and wife, executed and delivered to HNB a Mortgage, Assignment of Rents and

     Leases and Security Agreement (the "Mortgage") covering certain parcels of real property and fixtures and attachments thereon located in Woodford County, Kentucky as more fully described in the Mortgage (collectively, the "Property");

  B. the Debtor further executed and delivered to HNB a Security Agreement (the "Nevertell Security Agreement") granting HNB a security interest in all of the Debtor's assets, as more fully set forth in the Nevertell Security Agreement (the "Nevertell Collateral");

  C. Stone*Wall Farm Stallions IV, LLC ("Stone*Wall IV"), executed and delivered to HNB a Security Agreement (the "Stone*Wall IV Security Agreement") granting HNB a security interest in all of Stone*Wall Farm Stallions IV's assets, as more fully set forth in the Stone*Wall Farm Stallions IV Security Agreement (the "Stone*Wall IV Collateral"); and

  D. Stone*Wall Farm Stallions XI, LLC ("Stone*Wall XI"), executed and delivered to HNB a Security Agreement (the "Stone*Wall XI Security Agreement") granting HNB a security interest in all of Stone*Wall XI's assets, as more fully set forth in the Stone*Wall XI Security Agreement (the "Stone*Wall XI Collateral").

8. Upon information and belief, the Stone*Wall XI Collateral, consisting solely of its ownership interest in a stallion named "Da Stoops," was originally located within the Commonwealth of Kentucky but was removed to the State of Florida more than 180 days before the Petition Date.

9. The improper movement of "Da Stoops," who was appraised at only $25,000 in September of 2009, is the only basis for Debtors' assertion that venue is proper in Florida. "Da Stoops" is of marginal value in comparison to SWA's real estate collateral which had an appraised value of approximately $12,500,000 in August 2009, and SWA expects that the value of the real estate has risen in the past twelve months. For that matter, the movement of "Da Stoops" to Florida was in violation of an agreement by SWA's borrower Overall Thoroughbreds, LLC (a non-debtor) to maintain Da Stoops and all of the other horses at issue in Kentucky where the real property collateral is located.

10. Upon information and belief, the Stone*Wall IV Collateral, consisting solely of its ownership interest in a stallion named "Value Plus," was originally and at all relevant times hereto located within the Commonwealth of Kentucky but, contrary to one or more covenants contained in the loan documents between the parties, was removed to the State of Florida on or about June 24, 2010, approximately 30 days prior to the Petition Date.

11. The Property owned by Nevertell is located solely within the Commonwealth of Kentucky and, upon information and belief, all or a substantial part of the Nevertell Collateral and operational and day-to-day books and records are located within the Commonwealth of Kentucky.

12. In or about June, 2009, the Loan was in default in payment and/or in non-payment default and HNB then declared that the entire balance of principal and interest due under the Loan was then presently due and owing. Thereafter, HNB filed a lawsuit against the Debtor and others, in the Circuit Court of Woodford County, Kentucky, seeking, among other things, foreclosure of its interest in the Property and replevin of the Nevertell Collateral, Stone*Wall IV Collateral and Stone*Wall XI Collateral.

13. In November, 2009, HNB further filed a suit in the United States District Court for Eastern District of Pennsylvania (the "Pennsylvania Action") against Nevertell, Stone*Wall IV and several other defendants seeking money damages in connection with the defendants' breach of various loan, security and guaranty agreements. Nevertell and Stone*Wall filed for bankruptcy within 48 hours of the July 26, 2010 trial date for the Pennsylvania Action. On July 27, 2008, the judge presiding over the Pennsylvania action approved a stipulation whereby the Defendants agreed that judgments in the amount of $16,124,377.94 would be entered against various non-debtor Defendants.

14. Subsequent to the filing of the Lawsuit, in or about June 2010, First Niagara Bank, N.A., successor-by-merger to HNB, assigned all its right, title and interest in the Loan and all relating loan documents to Cincinnati Capital Corporation, who subsequently assigned such interest(s) to SWA.

## APPLICABLE STANDARD

15. In its Petition, Stone*Wall XI claims that venue is proper in this District because the "Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District." In their Petitions, Nevertell and Stone*Wall VI claim that venue for their cases is proper in this District pursuant to 28 U.S.C. §1408(2) because "[T]here is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District," presumably that of Stone*Wall XI.

16. According to Debtors, venue of the instant case is proper in this District pursuant to 28 U.S.C. §1408(2) because the Debtor's affiliate, Stone*Wall Farm Stallions XI, LLC, a Debtor in a case pending in this District under Chapter 11 of the Bankruptcy Code, Case No. 10-06410, has its principal and believed to be sole asset, a stallion named "Da Stoops," located in this District. No other basis exists that would support venue of either of the other Debtors' cases in this District.

17. Rule 1014 of the Bankruptcy Rules provides, in relevant part:

> (a) (1) If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a)(1) (2009). In examining the standard contained in Rule 1014 of the Bankruptcy Rules, it has been noted that "[T]he 'interest of justice' is a broad and flexible standard which contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness." In re Campbell, 242 B.R. 740, 746 (Bankr. M.D.Fla. 1999) (internal citations omitted).

18. When considering a motion to transfer venue under 28 U.S.C. § 1412 and Rule 1014 of the Bankruptcy Rules, the Court should consider the following factors:

    A. The proximity of creditors of every kind to the Court;

    B. The proximity of the debtors to the Court;

    C. The proximity of the witnesses necessary to the administration of the case;

    D. The location of the assets;

    E. The economic administration of the estate; and

    F. The necessity for ancillary administration if liquidation should result.

In re Campbell, 242 B.R. 740, 746 (Bankr. M.D.Fla. 1999).

19. Furthermore, "a state's interest in having local controversies decided within its borders" is an additional factor that should be considered. In re Newport Creamery, Inc., 265 B.R. 614, 618 (Bankr. M.D.Fla. 2001) (internal citations omitted).

20. The party seeking transfer must prove by a preponderance of the evidence that a transfer of the case is in the interest of justice or the convenience of the parties. In re Campbell, 242 B.R. 740, 746 (Bankr. M.D. Fla. 1999).

## BASIS FOR RELIEF REQUESTED

21. Upon a review of the facts of this case in light of the 6 factors outlined above, the interests of justice and the convenience of the parties will unquestionably be served if this case is transferred to the United States Bankruptcy Court for the Eastern District of Kentucky.

A. *The proximity of creditors of every kind to the Court*.

22. Upon a review of the Debtors' Petitions and creditor matrices, it is indisputable that almost every creditor listed thereon is located in Kentucky or has a presence in Kentucky. In fact, the only persons listed on the matrices with an address in Florida are (i) Richard and Audrey Haisfield and (ii) Debtors' counsel. Therefore, this factor weighs heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky where almost all the Debtors' creditors are located. See generally In re Blumeyer, 224 B.R. 218, 220 (Bankr. M.D.Fla. 1998) (finding creditors' lack of nexus to district where case was originally filed was factor warranting transfer of venue).

B. *The proximity of the debtors to the Court*.

23. The Debtors are located in the Commonwealth of Kentucky for almost all purposes. The Debtors are each limited liability companies organized and existing under the laws of the Commonwealth of Kentucky[1] and list their principal office with the Kentucky Secretary of State as 3204 Midway Road, Versailles, Kentucky. Furthermore, each of the Debtors' Petitions list their "principal address" and the "Location of Principal Assets of Business Debtor" as 3204 Midway Road, Versailles, Woodford County, Kentucky. "As the crow flies," the Debtors' principal address and principal office is more than 550 miles from this Court.

---

[1] Each of the Debtors is designated by the Kentucky Secretary of State as in "Bad Standing" and/or "Inactive." Further Nevertell was "administratively dissolved" by the Kentucky Secretary of State on December 15, 2009.

Furthermore, upon information and belief, the Debtors are not authorized to transact business in the State of Florida.

24. Based on all the foregoing, this factor weighs heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky, where the Debtors are located for almost all purposes.

C. *The proximity of the witnesses necessary to the administration of the case.*

25. The Debtors' principals, Richard Haisfield and Audrey Haisfield, are listed on the Debtors' matrices as being located in Palm Beach, Florida, within jurisdictional reach of the United States Bankruptcy Court for the Southern District of Florida and more than 270 miles away from this Court "as the crow flies," which is a significant distance away from this Court that would require a flight or significant round-trip drive for them to attend hearings and meetings in this District.

26. Other proceedings in this case that would require the attendance of potential witnesses include the 341 meeting of creditors and objections to claims. In both cases, the Court (or the United States Trustee) will have to conduct hearings and take testimony on any such matters including contested matters. In such instances, Florida is an inconvenient forum within which to conduct the 341 meeting of creditors when substantially all of the creditors are located in Kentucky, and to otherwise litigate potentially contested claims objections involving creditors located primarily in Kentucky. See generally In re Newport Creamery Inc., 265 B.R. 614 (Bankr. M.D.Fla. 2001). Conversely, no creditor or other party in interest will be inconvenienced if these cases are transferred as requested and the convenience of those parties outweighs any inconvenience that may be suffered by the Debtors' principals. Therefore, this

factor weighs heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky.

D.  *The location of the assets.*

27. As more fully stated above, upon information and belief, all or substantially all of the assets of Nevertell along with the operational and day-to-day books and records are located in the Commonwealth of Kentucky. Furthermore, all of the assets of Stone*Wall IV (i.e, the stallion "Value Plus") were located in the Commonwealth until Debtors learned that the subject debt had been sold in late June, 2010 – approximately one month before the Petition Date. Based on the foregoing, this factor weighs heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky, where substantially all of the Debtors' assets are located.

28. Just as importantly, the value of the Debtors' assets weighs heavily in favor of transfer. The real estate owned by Nevertell had an appraised value of approximately $12,500,000 in August of 2009, and SWA expects that the value of the real estate has risen in the past twelve months. By comparison, the stallion "Da Stoops," the only asset of Stone*Wall XI and the only basis venue in Florida, was appraised at just $25,000 in September of 2009, and SWA expects that Da Stoops has *decreased* in value in the past year due to the performance of its offspring at the racetrack and other factors. Accordingly, the stallion providing the basis for venue in Florida is worth less than 0.2% of the Kentucky real estate.

E.  *The economic administration of the estate.*

29. This factor also weighs heavily in favor of transfer in light of the location of Debtors' assets and creditors (Kentucky). See generally In re Newport Creamery Inc., 265 B.R. 614 (Bankr. M.D. Fla. 2001) (noting that conducting a Chapter 11 case far away from where the

debtor operated its business is uneconomical and will materially increase drain on debtor's resources). Furthermore, each of the affiliates of the Debtors described in paragraph 2 above are also Debtors in Chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of Kentucky. Those affiliates' cases were filed on July 20, 2010, only 7 days before the Petition Date and the Court in Kentucky has familiarized itself preliminarily with the operations of the Debtors' affiliates by virtue of a hearing on a contested matter conducted on July 27, 2010. These cases will also involve the administration of the estates of single-purpose entities whose assets consist of a single horse. The bankruptcies pending in Kentucky and these bankruptcies may also involve overlapping factual issues related to the maintenance and care of the creditors' equine collateral and other issues related to the value of the collateral (e.g., payment of Breeder's Cup fees, etc.) Furthermore, the Debtors, through their affiliates, are familiar with bankruptcy counsel in Kentucky who would be able to assist the Debtors in this case if it were transferred as requested. Based on the foregoing, this factor weighs in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky.

F.  *The necessity for ancillary administration if liquidation should result*.

30. In the event the Debtors' cases were not successful and conversion to Chapter 7 was necessitated or otherwise occurred, a Chapter 7 panel trustee appointed in this District would have a difficult time investigating, examining and/or liquidating the Debtors' assets which are almost completely located in the Commonwealth of Kentucky. See generally In re Newport Creamery Inc., 265 B.R. 614, 620-21 (Bankr.M.D.Fl. 2001). Therefore, this factor weighs heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky.

G. *A state's interest in having local controversies decided within its borders.*

31. The Commonwealth of Kentucky's interest in having local controversies decided within its borders weighs heavily in favor of transfer of this case to the United State Bankruptcy Court for the Eastern District of Kentucky. The Commonwealth of Kentucky and, more directly, Woodford County, Kentucky, the city of Versailles, Kentucky and all of Central Kentucky which calls itself the "Horse Capital of the World," which is the location of substantially all of the Debtors' assets, will undoubtedly be impacted by the Debtors' cases. For example, the Debtors owe significant amounts of *ad valorem* real property taxes to Woodford County Kentucky, not to mention other creditors located within Kentucky. Undoubtedly, venue in Florida would create an extreme burden and expense on those creditors.

32. Secondly, matters involving Richard and Audrey Haisfield and their controlled entities including, but not limited to, the Debtors and the Debtors' affiliates who are debtors in cases pending in the United States Bankruptcy Court for the Eastern District of Kentucky, have received significant amounts of press coverage over the past several months. Filings of lawsuits, bankruptcy cases and other developments relating to the entities and their assets are regular fare for the local news media and trade publications based in and around Kentucky (e.g. Blood-Horse Magazine; Bloodhorse.com; Daily Racing Form; Thoroughbred Times (also a creditor)). Based on all of the foregoing, the interests of the Commonwealth of Kentucky and its largest industry in having the Debtors' cases (and all controversies relating thereto) decided within the Commonwealth of Kentucky weigh heavily in favor of transfer to the United States Bankruptcy Court for the Eastern District of Kentucky.

11

## CONCLUSION

33. Based on all of the foregoing and the factors analyzed above, the preponderance of the evidence heavily weighs in favor of the conclusion that transfer of the Debtors' case to the United States Bankruptcy Case for the Eastern District of Kentucky is in the interest of justice or the convenience of the parties.

WHEREFORE, Stone Wall Acquisition, LLC respectfully prays that the Court enter an order transferring venue of the Debtors' cases pursuant to Section 1412 of Title 28 of the United States Code and Section 1014(a) of the Federal Rules of Bankruptcy Procedure to the United States Bankruptcy Court for the Eastern District of Kentucky and granting Stone Wall Acquistion, LLC such other and further relief as may be appropriate under the circumstances.

## REQUEST FOR A HEARING

Stone Wall Acquisition, LLC respectfully requests that the Court set this Motion for a hearing on September 7, 2010 at 11:00 a.m., at which time other matters in this case are already set for a hearing.

Dated: August 3, 2010.

    Respectfully submitted,

    FROST BROWN TODD LLC

    /s/ Ellen M. Sharp
    Ellen M. Sharp, Esq.
    Florida Bar No. 0070616
    250 West Main Street, Suite 2800
    Lexington, Kentucky 40507
    Tel: (859) 231-0000
    Fax: (859) 231-0011
    E-mail: esharp@fbtlaw.com

    -and-

                    Martin B. Tucker, Esq.
                    250 West Main Street, Suite 2800
                    Lexington, Kentucky 40507
                    Tel: (859) 231-0000
                    Fax: (859) 231-0011
                    E-mail: mtucker@fbtlaw.com
                    *Attorneys for Creditor,*
                    *Stone Wall Acquisition, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on this the 3rd day of August via this Court's CM/ECF noticing system on all parties receiving electronic notice in this case, and via regular U.S. Mail, postage pre-paid, upon the parties listed on the attached mailing matrix.

                    /s/ Ellen M. Sharp

```
Label Matrix for local noticing              Fifth Third Bank, an Ohio Banking Corporatio    Stone*Wall Farm Stallions XI, LLC
113A-3                                       250 West Main Street, Suite 100                 3204 Midway Road
Case 3:10-bk-06410-JAF                       Lexington, KY 40507-1714                        Versailles, KY 40383-9740
Middle District of Florida
Jacksonville
Tue Aug  3 12:45:35 EDT 2010

United States Bankruptcy Court               Audrey Haisfield                                Breeders Cup
300 North Hogan Street Suite 3-350           725 North Lake Way                              P.O. Box 4230
Jacksonville, FL 32202-4267                  Palm Beach, FL 33480-3309                                   Lexington, KY 40544-4230


Cinncinati Capital Corp                      Eric S. Golden                                  Fifth Third Bank, an Ohio Banking Corporatio
4730 Montgomery Rd                           Burr & Forman LLP                               c/o Mary L. Fullington
Cincinnati, OH 45212-2610                    450 South Orange Avenue Suite 200               WYATT, TARRANT & COMBS, LLP
                                             Orlando, FL 32801-3385                          250 West Main Street, Suite 100
                                                                                             Lexington, Kentucky 40507-1714


Florida Dept. of Revenue                     (p)INTERNAL REVENUE SERVICE                     Kentucky State Treasurer
Bankruptcy Unit                              CENTRALIZED INSOLVENCY OPERATIONS               1050 US Hwy 127 South
P.O. Box 6668                                PO BOX 21126                                    Suite 100
Tallahassee, FL 32314-6668                   PHILADELPHIA PA 19114-0326                      Frankfort, KY 40601-4326


Nevertell Farm Kentucky V LL                 Reese Henry                                     Sadler
3024 Midway Rd                               400 E Main Street                               PO Box 882
Versailles, KY 40383                         Aspen, CO 81611-2943                            Versailles, KY 40383-0882


Secretary of the Treasury                    Stone Wall Acquisition, LLC                     Stone*Wall Farm Stallions LL
15th & Pennsylvania Ave., NW                 4730 Montgomery Road                            3024 Midway Rd
Washington, DC 20220-0001                    Cincinnati, Ohio 45212-2610                     Versailles, KY 40383


Thoroughbred Times                           U.S. Securities & Exchange Commission           United States Attorney
PO Box 8237                                  Reorganization Branch, Atlanta                  300 North Hogan St Suite 700
Lexington, KY 40533-8237                     3475 Lenox Rd., NE, Ste. 1000                   Jacksonville, FL 32202-4204
                                             Atlanta, GA 30326-3235


United States Trustee - JAX 11               Eric S Golden
135 W Central Blvd, Suite 620                Burr & Forman LLP
Orlando, FL 32801-2440                       450 South Orange Avenue
                                             Suite 200
                                             Orlando, FL 32801-3385
```

              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Stone Wall Acquisition, LLC          (u)Overall Thoroughbreds, LLC          (u)Richard Haisfield
                                        3204 Midway Road                        725 North Lake Way
                                        Versai                                  Palm Beach, F


(d)Stone*Wall Farm Stallions XI, LLC    End of Label Matrix
3204 Midway Road                        Mailable recipients    22
Versailles, KY 40383-9740               Bypassed recipients     4
                                        Total                  26