UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No.: 3:10-bk-06410
STONE*WALL FARM STALLIONS, XI, LLC,  Chapter 11

          Debtor.
_____/

## AMENDED* MOTION FOR APPROVAL OF AGREEMENT RELATING TO RELIEF FROM THE AUTOMATIC STAY

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 15 days from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and serve a copy on the Debtor's attorney, Eric S. Golden, Esquire, Burr & Forman, LLP, 450 S. Orange Avenue, Suite 200, Orlando, Florida 32801.

If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Debtor, STONE*WALL FARM STALLIONS XI, LLC ("Stonewall XI" or the "Debtor"), as debtor and debtor-in-possession, by and through its undersigned counsel and pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001(d)(1), hereby files this Motion for Approval of Agreement Relating to Relief from Automatic Stay (the "Motion") and in support thereof, respectfully states as follows:

1. On July 24, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

* Amended solely to include proposed order attached hereto as Exhibit B.

10782 v1

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1408.

3. No trustee or examiner has been appointed and no official committees have been formed.

4. On August 15, 2010, creditor, Stone Wall Acquisition, LLC ("SWA"), filed its Emergency Motion (A) for Relief from the Automatic Stay and Order Abandoning Property; and (B) for a Hearing on Shortened and/or Limited Notice (re Stone*Wall Farm Stallions XI, LLC - "Da Stoops") (Docket No. 41) (the "Stay Motion") pursuant to which it sought an order from this Court granting it relief from the automatic stay to allow it to pursue its state law rights and remedies relating to the stallion "Da Stoops" which the Debtor pledged as collateral to SWA's predecessor-in-interest, Harleysville National Bank. In the Stay Motion, SWA argued that Debtor cannot provide sufficient adequate protection such that cause exists to terminate the automatic stay, thus allowing SWA to sell Da Stoops at the Keeneland auction in November, 2010.

5. Stonewall XI filed its Memorandum of Law in Opposition to Emergency Motion (A) for Relief from the Automatic Stay and Order Abandoning Property; and (B) for a Hearing on Shortened and/or Limited Notice in Case No. 10-06410 (Docket No. 53) (the "Memorandum of Law in Opposition") in which the Debtor argued that cause does not exist to justify lifting the stay because, if necessary, the Debtors would make any necessary adequate protection payments.

6. This Court scheduled an emergency hearing on the Stay Motion for August 26, 2010, at which time the parties announced to the court that they had agreed to a resolution that removed the emergency nature of the Stay Motion, and as a result, this Court scheduled an evidentiary hearing for October 14, 2010.

7. The Debtor and SWA has decided that in lieu of trying the issues raised in the Stay Motion and the Memorandum of Law in Opposition, to resolve the matters and to enter into the attached agreement.

8. Pursuant to the letter agreement attached hereto as **Exhibit A** (the "Agreement"), the Debtor, Stone*Wall Farm Stallions IV, LLC ("Stonewall IV" and together with Stonewall XI, the Debtors), SWA, certain non-debtor affiliates of the Debtors who also own stallions that were pledged as collateral to SWA's predecessor-in-interest, and a third-party purchaser known as Family Broodmares III, LLC or its assigns, have agreed to enter into an agreement that resolves, among other things, the Stay Motion.

## THE AGREEMENT

> THE TERMS SET FORTH BELOW ARE ONLY A SUMMARY OF CERTAIN OF THE MATERIAL PROVISIONS OF THE AGREEMENT. TO THE EXTENT THERE IS ANY INCONSISTENCY BETWEEN THE SUMMARY BELOW AND THE AGREEMENT, THE TERMS OF THE AGREEMENT PREVAIL. FOR A FULL AND COMPLETE READING OF THE AGREEMENT, PLEASE REFER TO THE ATTACHED.

9. The Agreement contains the following material terms:

(i) The Debtor and SWA will submit an Agreed Order to this Court granting SWA relief from the stay to allow SWA to sell Da Stoops, Value Plus (a stallion owned by Stonewall IV), and three other stallions owned by non-debtor affiliates of the Debtors (collectively, the "Stallions") according to the terms of the Agreement (Agreement, ¶1);

(ii) After stay relief is granted, SWA will enforce its rights as to the Stallions under applicable law, including Article 9 of the Uniform Commercial Code, by foreclosing on and selling the Stallions to Family Broodmares III, LLC (owned and/or controlled by Marc Haisfield) or its assigns for the total purchase price of $487,500.00 with the sale to close on or before October 15, 2010 (Agreement, ¶4);

(iii) The sale shall consist only of the Stallions and does not include any products, proceeds or accounts receivable relating to the Stallions (Agreement, ¶4);

(iv) SWA and its affiliates shall partially release any lien(s) to the physical Stallions (Agreement, ¶5);

(v) If the sale does not close by October 15, 2010, the Debtor and SWA will submit an Agreed Order granting stay relief to enable SWA to sell the Stallions at auction (Agreement, ¶6).

10. The Debtor believes that entering into the attached Agreement is in the best interests of the Debtors and their estates as it will allow the Debtors to maximize the value of their assets.

WHEREFORE, Stone*Wall Farm Stallions XI, LLC respectfully requests that the Court grant this Motion and enter an order in the form attached hereto as **Exhibit B** approving the attached Agreement, and that it grant such further relief as is just and appropriate.

Dated this   15th   day of September, 2010.

        Respectfully submitted,

        /s/ Eric S. Golden
Eric S. Golden, Esq.
Florida Bar No. 0146846
Jacqueline E. Ferris, Esq.
Florida Bar No. 713481
**BURR & FORMAN, LLP**
450 South Orange Avenue, Suite 200
Orlando, Florida  32801
Phone:  (407) 244-0888
Fax: (407) 244-0889
E-mail: egolden@burr.com
E-mail: jferris@burr.com

**ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 15, 2010 I filed the forgoing was filed using the Court's CM/ECF system and that a true copy of the foregoing has been furnished via electronic mail using the Court's CM/ECF system on September 15, 2010, or by U.S. First Class, postage prepaid mail on September 16, 2010 to the parties on the attached matrix.

                              /s/ Eric S. Golden
                              Eric S. Golden, Esq.

```
Label Matrix for local noticing         4M Ranch                                Alex Rendon
113A-3                                  PO Box 165                              3001 SW 24th Ave.
Case 3:10-bk-06410-JAF                  Rochelle, TX 76872-0165                 Saint Cloud, FL 34771
Middle District of Florida
Jacksonville
Wed Sep 15 23:29:10 EDT 2010

Andreia Reis                            Audrey Haisfield                        Baker Brooks and
6873 Dolce Way                          725 North Lake Way                      Joe Barbazon
Orlando, FL 32819-5517                  Palm Beach, FL 33480-3309               PO Box 610
                                                                                Williston, FL 32696-0610


Beth Fayer                              BlueWater Sales, LLC                    Bluewater Sales, LLC
8141 NW 47th Lane                       Attn: Ellen Arvin Kennedy, Esq.         as Receiver
Ocala, FL 34482-2006                    250 West Main Street, Suite 1400        3951 Old Frankfort Pike
                                        Lexington, KY 40507-1721                Lexington, KY 40510-9622


Breeders Cup                            Cinncinati Capital Corp                 Crowne's Nest Farm
P.O. Box 4230                           4730 Montgomery Rd                      and Alfonso R. Arroyoulloa
        Lexington, KY 40544-4230        Cincinnati, OH 45212-2610               7242 SE 12th Cir.
                                                                                Ocala, FL 34480-6650


Darcy Scudero                           Darsan, Inc.                            Debbie Silveira
7151 NW 5th Lane                        1000 NW 93 Terrace                      PO Box 397
Ocala, FL 34482-4489                    Fort Lauderdale, FL 33322-4920          Reddick, FL 32686-0397


Dejai Ramnarayan                        Doris and Cornelius Link                Ed Seltzer
4322 Queens Blvd.                       PO Box 125                              290 NE Highway 41
Sunnyside, NY 11104-4610                Lowell, FL 32663-0125                   Williston, FL 32696-7231


Eric S. Golden                          Elena L Escamilla                       Jacqueline E Ferris
Burr & Forman LLP                       United States Trustee                   Burr & Forman LLP
450 South Orange Avenue Suite 200       135 W Central Blvd  Suite 620           450 S Orange Avenue, CNL Tower 1
Orlando, FL 32801-3385                  Orlando, FL 32801-2440                  Suite 200
                                                                                Orlando, FL 32801-3385


Fifth Third Bank, an Ohio Banking Corporatio    Fifth Third Bank, an Ohio Banking Corporatio    Florida Dept. of Revenue
250 West Main Street, Suite 100         c/o Mary L. Fullington                  Bankruptcy Unit
Lexington, KY 40507-1714                WYATT, TARRANT & COMBS, LLP             P.O. Box 6668
                                        250 West Main Street, Suite 100         Tallahassee, FL 32314-6668
                                        Lexington, Kentucky 40507-1714


Mary Louise Fullington                  Eric S Golden                           Herbert Schwartz
Wyatt Tarrant & Combs LLP               Burr & Forman LLP                       347 Warren Dr.
250 West Main Street                    450 South Orange Avenue                 Woodmere, NY 11598-2436
Suite 1600                              Suite 200
Lexington, KY 40507-1746                Orlando, FL 32801-3385


(p)INTERNAL REVENUE SERVICE             JL Bates Corp., a FL corp.              Jena Antonucci
CENTRALIZED INSOLVENCY OPERATIONS       3080 Troy Pike                          13005 NW Gainsville Rd.
PO BOX 21126                            Versailles, KY 40383-8903               Reddick, FL 32686-3948
PHILADELPHIA PA 19114-0326
```

| | | |
|---|---|---|
| Ellen Arvin Kennedy<br>250 West Main Street<br>Suite 1400<br>Lexington, KY 40507-1721 | Kentucky State Treasurer<br>1050 US Hwy 127 South<br>Suite 100<br>Frankfort, KY 40601-4326 | Kurt Heumann<br>210 Warrior Trace<br>Covington, LA 70435-8815 |
| Laurie Hall and<br>Ron Woody<br>9550 NW 80th Ave.<br>Ocala, FL 34482-1102 | Lisselan Farms<br>5105 NW 76th Ct.<br>Ocala, FL 34482-8044 | Lonnie Stokes<br>21751 SE 35th St.<br>Morriston, FL 32668-3445 |
| Lori Smock<br>PO Box 36<br>Andover, OH 44003-0036 | Lynne Scace<br>1921 NW 100th Ave.<br>Ocala, FL 34482-2553 | Marty Hershe<br>PO Box 4770<br>Ocala, FL 34478-4770 |
| Marty and Carol Hershe<br>PO Box 4770<br>Ocala, FL 34478-4770 | McLaughlin Family Ltd.<br>Partnership<br>2727 W. ML King Blvd.<br>Suite 510<br>Tampa, FL 33607 | Mes Stable, Inc. and<br>Nicholas Balodimas<br>1141 E. Main St.<br>Suite 209<br>Dundee, IL 60118-2440 |
| Midwest Thoroughbreds<br>3252 S. 59th Ave.<br>Cicero, IL 60804-3860 | Nevertell Farm Kentucky V LL<br>3024 Midway Rd<br>Versailles, KY 40383 | Plumley Farms<br>9453 NW Hwy 27<br>Ocala, FL 34482-3823 |
| R.C. Van Voorhees and<br>Elizabeth Steinbech<br>8520 NW 63rd St.<br>Ocala, FL 34482-2044 | Reese Henry<br>400 E Main Street<br>Aspen, CO 81611-2943 | Robert Miller<br>9 Columbia Place<br>Parlin, NJ 08859-1003 |
| Ron Marano<br>8276 NW 36 St.<br>Fort Lauderdale, FL 33351-6142 | SMK Farms<br>401 Brookstown Rd.<br>Richmond, KY 40475-9222 | SRS Racing<br>11275 SE Farm Rd 975<br>Humansville, MO 65674 |
| Sadler<br>PO Box 882<br>Versailles, KY 40383-0882 | Savana Run Farm<br>7075 Shana's Trail<br>Port Saint Lucie, FL 34952-2711 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |
| Ellen McCoy Sharp<br>Frost Brown Todd LLC<br>250 West Main Street<br>Suite 2800<br>Lexington, KY 40507-1714 | Southern Style Sales<br>c/o Heather Larson<br>PO Box 1304<br>Hudson, NY 12534-0316 | Steve Watkins<br>479 Stringtown Rd.<br>Paris, KY 40361-9341 |
| Stone Wall Acquisition, LLC<br>4730 Montgomery Road<br>Cincinnati, Ohio 45212-2610 | Stone Wall Acquisition, LLC<br>c/o Ellen M Sharp<br>Lexington Financial Center<br>250 West Main Street, Ste 2800<br>Lexington, KY 40507-1714 | Stone*Wall Farm Stallions LL<br>3024 Midway Rd<br>Versailles, KY 40383 |

| | | |
|---|---|---|
| Stone*Wall Farm Stallions XI, LLC<br>3204 Midway Road<br>Versailles, KY 40383-9740 | The Covert Inc.<br>10575 NW 75th Terrace<br>Ocala, FL 34482 | Thoroughbred Times<br>PO Box 8237<br>Lexington, KY 40533-8237 |
| U.S. Securities & Exchange Commission<br>Reorganization Branch, Atlanta<br>3475 Lenox Rd., NE, Ste. 1000<br>Atlanta, GA 30326-3235 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | United States Trustee<br>c/o Elena L. Escamilla<br>135 W. Central Blvd. Suite 620<br>Orlando, FL 32801-2440 |
| United States Trustee - JAX 11<br>135 W Central Blvd, Suite 620<br>Orlando, FL 32801-2440 | Wendy Christ<br>9050 Southeast 7th Ave.<br>Ocala, FL 34480-7202 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bluewater Sales, LLC | (u)Jerry A. Funk<br>Jacksonville | (d)Laurie Hall and Ron Woody<br>9550 NW 80th Ave.<br>Ocala, FL 34482-1102 |
| (u)Overall Thoroughbreds, LLC<br>3204 Midway Road<br>Versai | (u)Richard Haisfield<br>725 North Lake Way<br>Palm Beach, F | (u)Stone Wall Acquisition, LLC |
| (d)Stone*Wall Farm Stallions XI, LLC<br>3204 Midway Road<br>Versailles, KY 40383-9740 | End of Label Matrix<br>Mailable recipients    67<br>Bypassed recipients     7<br>Total                  74 | |



ATTORNEYS

KENTUCKY · OHIO · INDIANA · TENNESSEE · WEST VIRGINIA

Martin B. Tucker
859.244.7566
mtucker@fbtlaw.com

August 31, 2010

*VIA E-MAIL (eric.golden@burr.com)*

Eric S. Golden, Esq.
Burr & Forman, LLP

*VIA E-MAIL (pkrasker@kraskerlaw.com)*
Paul A. Krasker, Esq.

      Re:   <u>Stone*Wall Farm Stallions IV, LLC</u>
              <u>Stone*Wall Farm Stallions XI, LLC</u>

Dear Eric and Paul:

    This letter will confirm the agreement (the "<u>Letter Agreement</u>") reached by Family Broodmares III, LLC, or its assigns ("<u>Purchaser</u>"), Stone Wall Acquisition, LLC, the ultimate assignee of Harleysville National Bank ("<u>SWA</u>"), and Stone*Wall Farm Stallions XI, LLC, Stone*Wall Farm Stallions IV, LLC, Overall Thoroughbreds, LLC, Stone*Wall Farm Stallions VIII, LLC and Stone*Wall Farm Stallions II, LLC, respectively (collectively, the "<u>Owners</u>") regarding the disposition of the thoroughbred stallions "Da Stoops," "Value Plus," "British Blue," "Frisco Star" and "Unforgettable Max" (collectively, the "<u>Stallions</u>") and other related matters.

    This Letter Agreement is being executed contemporaneous and in conjunction with one or more Orders (the "<u>Orders</u>") agreed to by and among Stone*Wall Farm Stallions IV, LLC, Stone*Wall Farm Stallions XI, LLC (together, the "<u>Debtors</u>") and SWA that are expected to be entered by the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, subsequent to the hearing that was held on August 26, 2010, and any hearings thereafter relating to the subject matter hereof and thereof. It is the intent of each party hereto that this Letter Agreement and the Orders are to be considered binding and enforceable together, but not separately, and Purchaser agrees to be bound by the terms of the Orders, as applicable, as if a party thereto.

    1.    SWA and the Debtors agree to entry of orders by the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "<u>Bankruptcy Court</u>") granting, in part, the Emergency Motion (A) For Relief From the Automatic Stay and Order Abandoning Property and (B) For a Hearing on

**EXHIBIT A**

Shortened and/or Limited Notice (Re: Stone*Wall Farm Stallions XI, LLC – "Da Stoops") and the Emergency Motion (A) For Relief From the Automatic Stay and Order Abandoning Property and (B) For a Hearing on Shortened and/or Limited Notice (Re: Stone*Wall Farm Stallions IV, LLC – "Value Plus") granting SWA relief from the automatic stay to allow it to pursue its rights under non-bankruptcy law to foreclose its security interest in certain collateral pledged by the Debtors to secure a loan made to Overall Thoroughbreds, LLC (the "<u>Borrower</u>"). Said order shall be jointly submitted to the Bankruptcy Court by SWA and the Debtors. Entry of said order notwithstanding, SWA specifically agrees that its disposition of the Stallions, and all products and proceeds relating to the Stallions shall be performed consistent with the terms of this Letter Agreement and, as applicable, in accordance with applicable law(s).

2. Purchaser shall pay to SWA c/o Frost Brown Todd LLC the total sum of $50,000.00 in cash or cash equivalent (the "<u>Deposit</u>") as follows: (i) $25,000.00 on or before 5:00 p.m. (prevailing Lexington, Kentucky time) on August 26, 2010 (it being specifically acknowledged that said $25,000.00 has been received by SWA) and (ii) $25,000.00 on or before 5:00 p.m. (prevailing Lexington, Kentucky time) on September 1, 2010. The Deposit will be held by Frost Brown Todd LLC in escrow until the Closing Date (defined below), except as provided for in paragraph 6 below, at which time, if applicable, the then-balance of the Deposit will either be (i) applied to and credited towards the Purchase Price (defined below), or (ii) forfeited by, or returned to, the Purchaser, as provided for in paragraph 6 below if applicable. Frost Brown Todd LLC is hereby irrevocably authorized to serve as the escrow agent in connection herewith and it shall comply with the terms of this Letter Agreement by releasing the Deposit as applicable.

3. Assuming the Deposit is timely and fully paid as required by paragraph 2 hereof, on or before 5:00 p.m. (prevailing Lexington, Kentucky time) on August 26, 2010 and September 1, 2010, and as consented to by the parties hereto, SWA and/or its agent(s) shall pay to the Breeders' Cup, solely from the Deposit, the sum of $15,575.00, such amount being acknowledged and agreed as being the 2009 Breeders' Cup nomination fees owed on account of the Stallions "Value Plus" and "Da Stoops."

4. Subject to the terms and conditions of this Letter Agreement and the Orders, SWA will as soon as reasonably practicable after entry of the Orders, enforce its rights as to the Stallions under applicable law including, but not limited to, Article 9 of the Uniform Commercial Code, by foreclosing on and disposing of the physical Stallions to Purchaser by private sale (the "<u>Private Sale</u>") to be completed on or before 5:00 p.m. (prevailing Lexington, Kentucky time) on October 15, 2010 or on such sooner date as Purchaser may elect (the "<u>Closing Date</u>"); provided, however, the assets to be sold hereunder specifically exclude all stud fees, accounts receivable and other products and proceeds earned by and/or



owed to the Owners prior and up to the Closing Date related to the Stallions. The Private Sale shall be conditioned upon (i) the payment to SWA by Purchaser or its designee(s) of $487,500.00 on the Closing Date (i.e. $487,500.00 less the then-existing balance of the Deposit) (the "<u>Purchase Price</u>") in cash or cash equivalent, (ii) verification by Purchaser that neither Audrey or Richard Haisfield are obligated in any manner in regards to any loan(s) obtained by Purchaser for payment of the Purchase Price and (iii) on the Closing Date, the grant by Purchaser to SWA and/or its designee(s) three (3) irrevocable lifetime breeding rights as to each of the Stallions (for a total of 15 lifetime breeding rights), <u>provided further, however</u>, the granting of such breeding rights shall not restrict the Purchaser from subsequently syndicating or selling all or part of the Stallions but any such sale shall be made conditioned upon and/or subject to the breeding rights in favor of SWA as granted hereby. The sale of the Stallions shall be absolute and upon closing of such sale(s), SWA and/or its affiliates, as applicable, including but not limited to Cincinnati Capital Corporation, shall partially release any lien(s) to the physical Stallions, but retaining all rights to products and proceeds therefrom as preserved herein.

5. The Debtors shall further deliver to counsel for SWA so that they are received on or before 5:00 p.m. (prevailing Lexington, Kentucky time) on September 3, 2010, all original stallion service certificates and all other similar documents relating to the Stallions which may be used by SWA in accordance with the terms of this Letter Agreement, Orders and applicable law(s) to enable SWA ensure collection by the Debtors of amounts due the Debtors' on account thereof all of which constitute stud fees, accounts receivable and other products and proceeds earned by and/or owed to the Owners prior and up to the Closing Date related to the Stallions which remains subject to the lien(s) and claim(s) of SWA as preserved hereby, and all of which constitutes as of the date hereof property of the Debtors' bankruptcy estates.

6. In the event Purchaser fails to (i) timely or fully pay all or part of the Deposit as required by paragraph 1 hereof or (ii) complete the closing of the Private Sale on or before the Closing Date for any reason (except for the reason(s) set forth in the last full paragraph of this paragraph 6):

    a. the Deposit will then immediately be deemed forfeited absolutely to SWA without notice or further action by SWA;

    b. the Debtor and SWA shall as soon as reasonably practicable after the Closing Date enter into one or more order(s) that are and shall be expected to be entered by the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, granting SWA immediate relief, to the extent necessary and/or appropriate, to allow it to pursue its rights under non-bankruptcy law to foreclose its security interests the Stallions;



Eric S. Golden, Esq.
August 31, 2010
Page 4

  c. the Owners and/or Purchaser shall immediately surrender, or cause to be surrendered, the Stallions to SWA or its agent(s) or designee; and

  d. SWA shall be permitted to proceed with a disposition (whether public or private) of the Stallions as contemplated by and in accordance with the terms of the Orders and/or applicable law(s).

Notwithstanding anything contained herein to the contrary, in the event of the failure of SWA to close on the transaction as contemplated herein, by for example, failing to accept timely payment in full of such amounts required by paragraph 2 hereof, or to release its lien(s) on the physical Stallions as required in paragraph 4 hereof, then either (i) upon demand the Deposit shall be returned to the Purchaser and Purchaser shall have no further rights and/or obligations hereunder, as applicable, subject to SWA's rights under paragraph 8 below, or (ii) Purchaser may seek to enforce any and all right(s) it may have under paragraph 8 hereof and/or applicable law.

7. The parties hereby agree to execute such documents or instruments and take such other actions as may be necessary or appropriate to comply with the intent and purpose of this Letter Agreement and the transactions contemplated hereunder including, but not limited to, other and further documents relating to the grant of breeding rights provided for hereunder and one or more UCC-1 Financing Statements as to the same, and additionally, to the release of lien(s) as contemplated herein, and delivery of Jockey Club Certificate(s), to the extent the same is within the possession and/or control of SWA.

8. The parties hereto acknowledge and agree that the Stallions are unique and SWA and the Purchaser will not have an adequate remedy at law if and in the event the parties fail to fully comply with the terms of the Orders and/or this Letter Agreement, and, therefore, SWA and/or Purchaser may seek specific performance of any of the parties' obligations hereunder in any court of competent jurisdiction including, but not limited to, the United States Bankruptcy Court for the Middle District of Florida and/or state and federal court(s) located in the Commonwealth of Kentucky, and the parties consent to the jurisdiction of said court(s) and waive any and all defenses based on improper venue, *forum non conveniens* and similar defenses. In addition, in the event SWA fails to close on the transaction contemplated herein for the reasons set forth in the last full paragraph of paragraph 6, the Debtors shall have the right to seek to reinstatement of the automatic stay of 11 U.S.C § 362 and other applicable law and SWA agrees, although SWA may fully oppose any such efforts for any reason, that SWA shall not be permitted to argue that by agreeing to entry of the Orders and by entering into this Letter Agreement, the Debtors have made any admissions relating to adequate protection, the Debtors' equity in the Stallions or whether the Stallions are necessary for an effective reorganization, all of such arguments being



    expressly reserved.

9.  Nothing contained herein shall be construed as a waiver or compromise of any other matters not contemplated in the Orders or this Letter Agreement and nothing herein may be deemed an admission of any kind. The parties reserve any and all rights relating thereto including, but not limited to, SWA's rights and claims relating to all stud fees, accounts receivable and other products and proceeds related to the Stallions and/or on account of breeding contracts related to the Stallions.

10.  Owners shall permit SWA and/or its agent(s) and designee(s) access to inspect the Stallions at reasonable time(s) and upon reasonable request (i.e. twenty-four (24) hours).

11.  This Letter Agreement and all of the parties' obligations hereunder and under the Orders are binding upon their respective successor(s), assign(s) and designee(s) and inure to the benefit of the parties and their successor(s), assign(s) and designee(s).

12.  This Letter Agreement may be executed in counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process and each copy so executed shall be deemed to be an original and all copies so executed shall constitute one and the same agreement.

Please have the appropriate parties sign where indicated below to evidence their acknowledgement of and agreement to the Letter Agreement (and Orders) as provided for herein and in the Orders.

        Very truly yours,

        FROST BROWN TODD LLC

        /s/ Martin B. Tucker

        Martin B. Tucker

**[REMAINDER LEFT INTENTIONALLY BLANK; SIGNATURES ON FOLLOWING PAGE]**



**ACKNOWLEDGED AND AGREED
TO AS OF AUGUST 31, 2010:**

**FAMILY BROODMARES III, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS XI, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS IV, LLC**

By: _____

Its: _____

**OVERALL THOROUGHBREDS, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS VIII, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS II, LLC**

By: _____

Its: _____

**STONE WALL ACQUISITION, LLC**

By: /s/ Joe Engelhart
    Joe Engelhart, Manager

Eric S. Golden, Esq.
August 31, 2010
Page 6

**ACKNOWLEDGED AND AGREED
TO AS OF AUGUST 31, 2010:**

**FAMILY BROODMARES III, LLC**

By: *M Hill*

Its: *Managing member*

**STONE*WALL FARM STALLIONS XI, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS IV, LLC**

By: _____

Its: _____

**OVERALL THOROUGHBREDS, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS VIII, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS II, LLC**

By: _____

Its: _____

**STONE WALL ACQUISITION, LLC**

By: _____
    Joe Englehart, Manager

LEXLibrary 0120149.0579665 431813v7



Eric S. Golden, Esq.
August 31, 2010
Page 6

ACKNOWLEDGED AND AGREED
TO AS OF AUGUST 31, 2010:

**FAMILY BROODMARES III, LLC**

By: _____

Its: _____

**STONE*WALL FARM STALLIONS XI, LLC**

By: ___/s/ Audrey Haisfield___
     Audrey Haisfield
Its: __Manager__

**STONE*WALL FARM STALLIONS IV, LLC**

By: ___/s/ Audrey Haisfield___
     Audrey Haisfield
Its: __Manager__

**OVERALL THOROUGHBREDS, LLC**

By: ___/s/ Audrey Haisfield___
     Audrey Haisfield
Its: __Manager__

**STONE*WALL FARM STALLIONS VIII, LLC**

By: ___/s/ Audrey Haisfield___
     Audrey Haisfield
Its: __Manager__

**STONE*WALL FARM STALLIONS II, LLC**

By: ___/s/ Audrey Haisfield___
     Audrey Haisfield
Its: __Manager__

**STONE WALL ACQUISITION, LLC**

By: _____
     Joe Englehart, Manager

LEXLibrary 0120149.0579665 431813v7

Frost Brown Todd
ATTORNEYS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Case No.: 3:10-bk-06410
STONE*WALL FARM STALLIONS, XI,                      Chapter 11
LLC,

          Debtor.
_____/

**ORDER GRANTING AMENDED MOTION FOR APPROVAL OF
AGREEMENT RELATING TO RELIEF FROM THE AUTOMATIC STAY**

      THIS CAUSE came before the Court on Debtor, Stone*Wall Farm Stallions XI, LLC's ("Debtor") Amended Motion for Approval of Agreement Relating to Relief from the Automatic Stay (Dkt. No. ____; the "Motion"). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within fifteen (15) days of the Motion being entered on the docket. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed. Upon consideration of the Motion and that it is unopposed, it is

      **ORDERED:**

      1.      The Motion is **GRANTED**.

      **DONE AND ORDERED** _____.

                                                                                                              _____
                                                                                   JERRY A. FUNK
                                                                                    United States Bankruptcy Judge

10782 v1

**EXHIBIT B**

Copies to:

Stone*Wall Farm Stallions XI, LLC
3204 Midway Road
Versailles, KY 40383

Eric S. Golden, Esq.
Burr & Forman, LLP
450 S. Orange Avenue, Suite 200
Orlando, FL 32801
Attorneys for Debtors

Elena L. Escamilla
United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Local Rule 1007-2 Parties-in-Interest

10782 v1